UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALEMON VASQUEZ MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:14-cv-00627 - JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF PALEMON VASQUEZ MALDONADO AND AGAINST DEFENDANT CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY |

Plaintiff Palemon Vasquez Maldonado asserts he is entitled to disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in evaluating the medical evidence. Because the ALJ failed to identify specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician, the ALJ's decision is **REMANDED** for further proceedings.

**I.      Background**

Plaintiff filed applications for benefits on March 3, 2011, alleging disability beginning June 6, 2009. (Doc. 12-3 at 16.) The Social Security Administration denied his claims initially and upon reconsideration. (Doc. 12-5 at 2-15.) Plaintiff requested a hearing, and testified before an ALJ on September 14, 2012. (Doc. 12-3 at 37.) The ALJ determined Plaintiff was not disabled under the Social Security Act, and issued an order denying benefits on February 22, 2013. (*Id.* at 13.) The

Appeals Council denied Plaintiff's request for review. (*Id.* at 6-8.) Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

## II. Standard of Review

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III. Disability Benefits

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## IV. Administrative Determination

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

### A. Medical Opinions

Dr. Richard Engeln conducted a psychological evaluation on August 18, 2011. (Doc. 9-8 at 11.) Plaintiff told Dr. Engeln "[h]e might have five seizures during one week, and then he will not have anymore for a long time." (*Id.* at 12.) He was taking Keppra for his seizures, which were reduced to "two or three a month." (*Id.*) Dr. Engeln administered intelligence tests and found that Plaintiff was "functioning in the low average range of intelligence both verbally and visually." (*Id.* at 14.) Dr. Engeln found Plaintiff had no restrictions with his ability to understand and remember very short and simple instructions and mild restrictions with detailed or complex instructions. (*Id.* at 15.) Plaintiff had no restrictions with his ability to attend and concentrate, but the abilities were "[m]oderate to severe related to medical-physical issues." (*Id.*)

Dr. Leonard Naiman reviewed the medical record in August 2011, and noted Plaintiff did not have any "major neuro or motor deficits." (Doc. 9-4 at 6.) He opined Plaintiff had no limits with climbing ramps and stairs, sopping, balancing, kneeling, or crouching; but he should never climb ladders, ropes, or scaffolds. (*Id.* at 7.) In addition, Dr. Naiman believed Plaintiff should "avoid even moderate exposure" to hazards such as machinery and heights. (*Id.* at 8.) He concluded Plaintiff would be unable to perform his past relevant work of "cutting fruit from trees and vines," because "th[e] work would include ladder climbing." (*Id.* at 9.)

Plaintiff's treating physician, Dr. Lewis Hernandez completed assessments regarding Plaintiff's physical and mental abilities. (Doc. 9-9 at 7-8, 10-11.) Dr. Hernandez noted that Plaintiff's medication

"may cause drowsiness but may improve with continued use." (*Id.* at 7.) He opined Plaintiff's mental abilities were "limited but satisfactory" for understanding, remembering, and carrying out very short and simple instructions; maintaining attention for two hours; maintaining regular attendance; and completing a normal workday or workweek without interruptions from psychologically based symptoms. (*Id.*) Dr. Hernandez indicated Plaintiff's impairments would cause him to be absent from work two days per month, noting that he believed Plaintiff would miss "1-2 days per month but that can change." (*Id.* at 8.) According to Dr. Hernandez, Plaintiff was able to frequently bend, squat, crawl, kneel, and stoop, but should never climb. (*Id.* at 10.) Dr. Hernandez explained the limitations were "based on [the] seizures he has and the side effects of the medication he is taking." (*Id.* at 11.) He noted Plaintiff's medication had "recently been changed" and more time was needed to determine "how the medication works to control his seizures and the medication's side effects." (*Id.* at 12.)

### B.     Administrative Hearing Testimony

Plaintiff testified with the assistance of an interpreter before an ALJ on November 14, 2012. (Doc. 9-3 at 33.) Plaintiff said he was 27 years old, and had completed secondary school in Mexico. (*Id.* at 35-36.) He reported that he attended English classes "for about seven months" in the United States but spoke and read "[v]ery little" English. (*Id.* at 36-37.) He explained that when he received mail in English, he was unable to "read it all, but [he] can understand some." (*Id.* at 37.)

Plaintiff said he had suffered from seizures about "[t]wo or three time a month" prior to a car accident in 2003, when he had a seizure while driving. (Doc. 9-3 at 39-40.) He reported that he had five or six seizures while working as a farm laborer for Alavetta Farming, where he missed two or three days each week from work due to his seizures. (*Id.* at 40-41.) According to Plaintiff, his medication caused him "to feel drowsy and . . . weak, nervousness." (*Id.*) Plaintiff said he spent about four or five hours a day sleeping. (*Id.* at 45.)

Vocational expert Judith Negerian ("VE") reported the *Dictionary of Occupational Titles*[1] classified Plaintiff's past relevant work as a harvest worker as medium work. (Doc. 9-3 at 48.) The

---

[1] The *Dictionary of Occupational Titles* ("*DOT*") by the United States Dept. of Labor, Employment & Training Admin., may be relied upon "in evaluating whether the claimant is able to perform work in the national economy." *Terry v. Sullivan,* 903 F.2d 1273, 1276 (9th Cir. 1990). The *DOT* classifies jobs by their exertional and skill requirements, and may be a primary source of information for the ALJ or Commissioner. 20 C.F.R. § 404.1566(d)(1).

4

ALJ asked the VE to consider hypothetical individuals of "Mr. Vasquez Maldonado's age, education, and work experience." (*Id.*) The ALJ explained the person could perform medium work, but was required to "avoid even moderate exposure to hazards" and could "never climb ladders, ropes, or scaffolds." (*Id.* at 48-49.) The VE opined such a person could not perform Plaintiff's past work as a harvest worker, but could perform other jobs in the economy such as linen room attendant, box bender, and harness cleaner. (*Id.* at 49-50.)

Next, Plaintiff's counsel asked the VE to consider an individual who was "likely to miss two days per month." (Doc. 9-3 at 50.) The VE opined such a person could not performed the jobs previously identified. (*Id.*) She explained that "at the unskilled level, he won't be kept." (*Id.*)

### C. The ALJ's Findings

Pursuant to the five-step process, the ALJ determined Plaintiff did not engage in substantial activity after the alleged onset date of June 24, 2010. (Doc. 9-3 at 19.) Second, the ALJ found Plaintiff "has the following severe impairment: a seizure disorder." (*Id.*) These impairments did not meet or medically equal a listed impairment, including Listings 11.02 and 11.03. (*Id.* at 19-20.) Next, the ALJ determined:

> [Plaintiff] has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently; and stand and walk, or sit, for 6 hours in an 8-hour workday. He can never climb ladders, ropes, or scaffolds, and must avoid even moderate exposure to hazards.

(*Id.* at 21.) With this residual functional capacity ("RFC"), Plaintiff was unable to perform his past relevant work. (*Id.* at 23.) However, the ALJ determined Plaintiff can perform "jobs that exist in significant numbers in the national economy," including, as examples, linen room attendant, box bender, and harness cleaner. (*Id*. at 24.) Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 24-25.)

### V. Discussion and Analysis

Plaintiff argues the ALJ erred in evaluating the medical evidence by rejecting the opinion of his treating physician, Dr. Hernandez, that Plaintiff would miss two days of work per month due to his seizures. (Doc. 11 at 4-7.) On the other hand, Defendant argues that the ALJ "properly weighed" the medical evidence, including the opinion of Dr. Hernandez. (Doc. 13 at 6-9.)

**A.     The ALJ erred in his evaluation of the medical evidence.**

In this circuit, cases distinguish the opinions of three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Generally, the opinion of a treating physician is afforded the greatest weight in disability cases, but it is not binding on an ALJ in determining the existence of an impairment or on the ultimate issue of a disability. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Also, an examining physician's opinion is given more weight than the opinion of a non-examining physician. 20 C.F.R. § 404.1527(d)(2).

A physician's opinion may be discounted whether or not another physician contradicts the opinion. *Magallanes*, 881 F.2d at 751. An ALJ may reject a contradicted opinion of a physician with "specific and legitimate" reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830; *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). If there is conflicting medical evidence, "it is the ALJ's role to determine credibility and to resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The ALJ's resolution of the conflict must be upheld when there is "more than one rational interpretation of the evidence." *Id.*; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Here, the opinion of Dr. Hernandez that Plaintiff would miss "1-2 days per month" conflicted with the opinion of Dr. Engeln that Plaintiff had no restrictions with his ability to attend work. Thus, the ALJ was required to identify specific and legitimate reasons for rejecting the opinion of Dr. Hernandez.

The ALJ noted he gave "Dr. Hernandez's opinions varied weight." (Doc. 9-3 at 21.) The ALJ acknowledged, "Dr. Hernandez concluded Mr. Vasquez Maldonado would be absent from work 1-2 days per month due to his seizures." (*Id.*) This limitation was not adopted by the ALJ in the residual functional capacity. Thus, it appears that the ALJ rejected this conclusion. (*See id.*) Further, the ALJ does not acknowledge that the opinion contradicts Dr. Engeln's conclusion that Plaintiff would be able to attend work without restriction, although his abilities were "[m]oderate to severe related to medical-physical issues. (*Compare* Doc. 9-8 at 11 *with* Doc. 9-9 at 8.)

The ALJ failed to identify "specific, legitimate reasons" to dismiss Dr. Hernandez's conclusion

regarding Plaintiff's work attendance in the decision. Similarly, the ALJ failed to meet his burden to "set out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Consequently, the ALJ erred in his evaluation of the medical evidence.

### B. Remand is appropriate in this matter.

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

Applying the *Smolen* factors to this case, the ALJ failed to set forth legally sufficient reasons to properly reject the opinion of Plaintiff's treating physician. This opinion is intertwined with the testimony of the vocational expert, who testified that if a worker were to miss two days per month—which Dr. Hernandez indicated was a possibility for Plaintiff—no unskilled work would be available. On the other hand, Dr. Hernandez noted that the number of days Plaintiff missed each month "can change" and that he needed more time to evaluate how Plaintiff's new medication "works to control his seizures and the medication's side effects." (Doc. 9-9 at 12.) Thus, the matter should be remanded for the ALJ to re-evaluate the medical opinions, because it is not clear from the record that the ALJ would be required to find Plaintiff disabled.

///

### VI.   Conclusion and Order

For all these reasons, the Court concludes the ALJ erred in evaluating the medical evidence and failed to articulate specific and legitimate reasons for rejecting the opinion of Dr. Hernandez related to Plaintiff's work attendance. Because the ALJ failed to apply the correct legal standards, the decision should not be upheld by the Court. *See Sanchez*, 812 F.2d at 510.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Palemon Vasquez Maldonado and against Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **April 15, 2015**                             **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE