# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALEMON VASQUEZ MALDONADO,<br><br>        Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:14-cv-0627- JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 19) |

Steven Rosales, counsel for Palemon Vasquez Maldonado, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 19) Neither Plaintiff nor the Commissioner of Social Security opposed the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

## I.    Relevant Background

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on April 2, 2014, which provided that counsel was entitled to an award of "25% of the backpay awarded" in the event that judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (Doc. 19-1 at 1)

On April 25, 2014, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits. (Doc. 1) The Court determined the administrative law

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

judge erred in the evaluation of the medical evidence and failed to identify legally sufficient reasons to reject limitations identified by Plaintiff's treating physician. (Doc. 14 at 1, 6-7) Therefore, the Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 7-8) Following the entry of judgment in favor of Plaintiff on April 15, 2015 (Doc. 15), the Court awarded $3,175.00 in attorney fees pursuant to the Equal Access to Justice Act. (Docs. 17 at 1, Doc. 18 at 1)

Following the remand, an ALJ issued a "fully favorable decision" awarding Plaintiff benefits, finding he was disabled as of June 24, 2010. (Doc. 19-2 at 2; Doc. 19-3 at 2) On March 20, 2018, the Commissioner concluded Plaintiff was "entitled to monthly disability benefits from Social Security beginning December 2010." (Doc. 19-3 at 1) Accordingly, Plaintiff was entitled to past due benefits totaling $68,424.00 in past-due disability benefits, out of which the Commissioner withheld 25% — in the amount of $17,106.00 — for payment of attorney's fees. (Doc. 19 at 3; Doc. 19-3 at 3)

Mr. Rosales filed the motion now before the Court on August 22, 2018. (Doc. 19) Plaintiff was served with the motion and informed of his right to file a response. (*Id.* 19 at 2, 11). Further, the Court issued a briefing schedule, directing Plaintiff and the Commissioner to file "[a]ny opposition to the motion, or a notice of non-opposition… no later than September 14, 2018." (Doc. 20 at 2, emphasis omitted) To date, no opposition has been filed.

## II. Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded retroactive benefits. The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation, and expended a total of 24.5 hours while representing Plaintiff in this matter. (Doc. 19 at 9, Rosales Decl. ¶ 5) Due to counsel's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits for disability. For this, the Law Offices of Lawrence D. Rohlfing requests a fee of $17,106.00. (Doc. 19 at 1) Because $3,175.00 was paid under the EAJA, the net cost to Plaintiff is $13,931.00. (*Id.* at 7)

Significantly, there is no indication Mr. Rosales performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision following the remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by Mr. Rosales are reasonable in light the results achieved in this action, and the requested amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

Finally, though Plaintiff was informed of his right to file a response to the motion, Plaintiff did not oppose the request of counsel, and thereby indicates his belief that the requested amount is reasonable.

///
///
///

**IV. Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $17,106 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, Steven Rosales; and
3. Counsel **SHALL** refund $3,175.00 to Palemon Vasquez Maldonado.

IT IS SO ORDERED.

Dated: __**September 28, 2018**__       __**/s/ Jennifer L. Thurston**__
                                                            UNITED STATES MAGISTRATE JUDGE